UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN A. F.,[1]

                       Plaintiff,                          **DECISION AND ORDER**

v.                                                         1:19-cv-00422-JJM

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

        Before the court is plaintiff's motion [20][2] for attorneys' fees in the amount of $23,268.00 pursuant to 42 U.S.C. §406(b). Defendant filed a response on May 26, 2022 [23], and raised no objections to plaintiff's fee request. For the reasons discussed below, the plaintiff's motion is granted.

## BACKGROUND

        Plaintiff commenced this action on April 2, 2019, arguing that the Commissioner's denial of her claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On August 26, 2019, plaintiff moved for judgment on the pleadings [6]. On July 28, 2020, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [13]. On December 10, 2020, I granted [19] plaintiff's motion [15] for attorneys' fees in

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to CM/ECF docket entries. Unless otherwise noted, page references are to CM/ECF pagination*++.

the amount of $7,396.42 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On December 28, 2021, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled from March 12, 2015 through June 30, 2020 and approving plaintiff's claim for Supplemental Security Disability ("SSD") benefits for that period. See Decision [20-5] at 7-14. The fee arrangement between plaintiff and his attorneys is governed by their Fee Agreement. [20-4]. Pursuant to the Fee Agreement, "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim". Id.

The Social Security Administration ("SSA") issued a Notice of Award letter concerning plaintiff's claim for SSD on May 8, 2022. [20-3]. The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $23,268.00, an amount equal to 25% of the past due benefits owed to plaintiff ($93,072.00). Notice of Award [20-3] at 2-3. Plaintiff's attorney requests an award of attorney fees in the amount of $23,268.00. See Notice of Motion [20] and Memorandum in Support [20-1] at 2, 6, 10. Plaintiff's attorney agrees, upon receipt of payment of the fee, to refund to plaintiff the $7,396.42 received in fees pursuant to the Equal Access to Justice Act ("EAJA"). See Notice of Motion [20]; Memorandum in Support [20-1] at 2.

The Commissioner challenges neither the timeliness of plaintiff's motion, nor the amount of the fees requested. See Defendant's Response [23].

**ANALYSIS**

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSD claimants:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney,

>        the court may determine and allow as part of its judgment a
>        reasonable fee for such representation, not in excess of 25 percent
>        of the total of past-due benefits to which the claimant is entitled by
>        reason of such judgment, and the Commissioner of Social Security
>        may . . . certify the amount of such fee for payment to such attorney
>        out of, and not in addition to, the amount of such past-due benefits.
>        In case of any such judgment, no other fee may be payable or
>        certified for payment for such representation except as provided in
>        this paragraph.

42 U.S.C.§406(b)(1)(A). In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee. *See, e.g.*, Barone v. Saul, 2019 WL 3296616 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social Security, 2019 WL 6242549 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966 (W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785 (W.D.N.Y. 2020). I address each here in turn.

**A.     Did Plaintiff Timely File His Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019). There, the Second Circuit found that the 14-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties." Id. at 89. Accordingly, motions for benefits made within seventeen days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[3] of receipt of a Notice of Award for benefits are timely.

---

[3] *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing").

Here, plaintiff's counsel filed their motion for fees on May 25, 2022 (*see* Notice of Motion [20]), 17 days after the SSA issued its May 8, 2022 Notice of Award (*see* Notice of Award [20-3]). Accordingly, plaintiff's counsel timely filed their motion pursuant to Sinkler.

**B.     Is Plaintiff's Fee Request Reasonable?**

Here, the Fee Agreement between plaintiff and his attorneys provides for an attorneys' fee of "1/4 (25 percent) of the past due benefits resulting from my claim". Fee Agreement [20-4]. The 25 percent fee is within the cap provided by §406(b). Further, the Commissioner does not object to the amount of fees that plaintiff requests. *See* Defendant's Response [23] at 1-2.

That is not the end of the inquiry, however. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider. First, courts may consider "the character of the representation and the results the representative achieved." Id. Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. Id. Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney. Id. In addition, the Second Circuit states that courts in this district should also consider "whether there has been fraud or overreaching in making the agreement". Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation. Plaintiff's attorney, Samantha Ventura, formerly an attorney with the Law Offices of Kenneth Hiller, PLLC, has been practicing law since January 2019. Hiller Declaration [20-2], ¶ 3. While at the Law Offices of Kenneth Hiller, Ms. Ventura handled over 100 social security matters in federal district court. Id., ¶ 4. Ms. Ventura's work on this matter yielded an award of past due benefits of $93,072.00. See Id., ¶ 10; Notice of Award [20-3] at 2.

Second, there was no delay in resolution of this matter attributable to plaintiff's attorneys. Plaintiff did not request any extensions of time to make her filings in this case. See Memorandum in Support [20-1] at 9.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall. Time records submitted with the motion indicate a total of 36 hours of attorney time was spent on plaintiff's matter. See Ventura Declaration [20-6], ¶ 3; see also Memorandum in Support [20-1] at 7-8. The total fee requested results in an effective hourly rate of $646.33.[4] Memorandum in Support [20-1] at 7. This hourly rate is higher than Ms. Ventura's $350 hourly rate charged for other matters. Hiller Declaration [20-2], ¶16. However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71.

Moreover, after reviewing the fee request and supporting documentation, I find that the requested fee is reasonable based on counsel's experience, the nature of the

---

[4] The effective hourly rate was calculated by dividing the requested fee ($23,268.00) ([20]) by the total number of hours (36.0) documented in plaintiff's fee application ([20-6]).

representation provided, the contingent nature of the fee, and the favorable results achieved. *See* Gisbrecht, 535 U.S. at 807. The effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district. *See e.g.* McDonald v. Commissioner of Social Security, 2019 WL 1375084, *3 (W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); Campana v. Saul, 2020 WL 3957960, *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here"); Sims v. Commissioner of Social Security, 2020 WL 812923, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); Salone v. Commissioner of Social Security, 2020 WL 1677374, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25); Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02) .

## CONCLUSION

For these reasons, plaintiff's motion for fees in the amount of $23,268.00 pursuant to 42 U.S.C. §406(b) is granted. The Commissioner is directed to release these funds.

In addition, I direct plaintiff's attorneys to return to plaintiff the $7,396.42 EAJA fees they were awarded within 14 days of their receipt of the §406(b) fee.

**SO ORDERED.**

Dated: June 17, 2021

                                                                    /s/   Jeremiah J. McCarthy
                                                                    JEREMIAH J. MCCARTHY
                                                                    United States Magistrate Judge